[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10919
Non-Argument Calendar
_____

D.C. Docket No. 4:14-cr-00031-CDL-MSH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PERLEY PERKINS, JR.,
a.k.a. Perley Andrew Perkins, Jr.,
a.k.a. Eric Roland John Godlewski,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(September 22, 2015)

Before WILLIAM PRYOR, JULIE CARNES and FAY, Circuit Judges.

PER CURIAM:

Perley Perkins, Jr., appeals his sentence of 57 months of imprisonment following his pleas of guilty to two counts of bank fraud, 18 U.S.C. § 1344, and one count of aggravated identity theft, *id.* § 1028A. The district court sentenced Perkins to concurrent terms of 33 months for his bank fraud offenses and to a consecutive term of 24 months for his identity theft offense. Perkins argues that his sentences for bank fraud are procedurally unreasonable because the district court failed to weigh adequately the statutory sentencing factors, 18 U.S.C § 3553(a), or to explain its decision to impose sentences at the high end of his advisory guideline range of 27 to 33 months of imprisonment. Perkins also argues that the sentences for bank fraud are substantively unreasonable in the light of his acceptance of responsibility, admission of guilt, and cooperation with law enforcement. Perkins does not challenge his consecutive sentence of 24 months for aggravated identity theft. We affirm.

Perkins's sentences for bank fraud are procedurally and substantively reasonable. The district court stated that it "considered the presentence report . . . [and] the advisory sentencing range[,] . . . the sentencing factors[,] . . . [and] made an individualized assessment based on the facts presented" at sentencing to select appropriate sentences. The district court was not required to explain the weight that it assigned any particular sentencing factor. *See United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). And the district court reasonably determined that

2

sentences of 33 months would best serve the statutory purposes of sentencing. *See* 18 U.S.C. § 3553(a). Perkins used fraudulent identification and stolen account holder information of 15 persons to withdraw from their accounts $129,335.48 at 18 branches of SunTrust Bank in four states. Perkins also had prior convictions for obtaining property by false pretenses, robbery involving the use of a firearm, bank robbery, and petit theft. That Perkins's sentences for bank fraud are within the advisory range and are far less than his maximum statutory penalty of 30 years of imprisonment suggests that his sentences are reasonable. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). The district court did not abuse its discretion.

We **AFFIRM** Perkins's sentence.